

## In re PAUL M.
### No. 92–338–Appeal.
Supreme Court of Rhode Island.
June 16, 1993.

Jeffrey Pine, Atty. Gen. and Andrew Berg, Sp. Asst. Atty. Gen., for plaintiff.

Paula Lynch Hardiman, Providence, for defendant.

## REVISED OPINION

PER CURIAM.

This matter was before the Supreme Court pursuant to an order issued to both the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant, a juvenile at the time of the incident, following a trial before a Family Court justice, was adjudicated delinquent in violation of G.L.1956 (1981 Reenactment) § 11–37–2, as amended by P.L.1987, ch. 238, § 1 and was sentenced to twenty-four months with eighteen months to serve at the Rhode Island Training School, followed by a suspended sentence of six months. The defendant filed a timely appeal.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

In this case a victim testified that while intoxicated, she was sexually assaulted by defendant. The defendant was tried under § 11–37–2(C), which section reads:

"A person is guilty of first degree sexual assault if he or she engages in sexual penetration with another person, and if any of the following circumstances exist:

\* \* \* The accused, through concealment or by the element of surprise, is able to overcome the victim."

The trial justice found the testimony of the complaining witness to be credible and also found that the state had proven be-

yond a reasonable doubt that the juvenile had engaged ·in sexual penetration of the victim. He also concluded that the evidence indicated that the victim was in an impaired and at times, an unconscious condition and that, as a result, the definition of "surprise" was broad enough to include the actions of defendant.

The defendant argues that if the victim had in fact been unconscious as she asserted, he should have been charged under § 11–37–2(A) which section provides that "[t]he accused, not being the spouse, knows or has reason to know that the victim is * * * physically helpless."

What we have here is a factual determination by the trial judge. The defendant, therefore, has a heavy burden to overcome to prove that the trial justice, sitting without a jury, was in error in determining that the evidence justified a conviction under § 11–37–2(C). There was evidence that the victim was not completely unconscious, that she was described as having "woke up" and "passed out from time to time." She was not continuously unconscious during the assault.

■ A trial justice's decision in a nonjury civil or criminal trial does not require an exhaustive analysis of the evidence or a specific statement of all the reasons for his conclusions. Instead, it will suffice if the decision reasonably indicates that he exercised his independent judgment in passing on the weight of the testimony and the credibility of the witnesses and a decision in accordance with these standards is entitled to great weight and will not be disturbed by this court, unless it is incorrect as a matter of law or is otherwise clearly wrong. *In re Susan*, 122 R.I. 677, 411 A.2d 296 (1980). It is clear that the trial justice exercised his independent judgment as to which subsection of the sexual assault statute would apply to the evidence he had heard. We are of the opinion that the evidence presented amply supported the trial judge's conclusions.

■ The defendant also argues that the trial justice erred in admitting the testimo-ny of a friend of the victim, who testified that the victim told her, moments after the incident, that the juvenile had raped her. Since the statement was made to the witness by the victim only minutes after the assault, one can reasonably assume that the victim was laboring under the stress of the attack and that the statement would therefore be admissible as an excited utterance under Rule 803(2) of the Rhode Island Rules of Evidence. The application of this exception of the rule against hearsay is within the sound discretion of the trial justice. *In re Daniel*, 456 A.2d 258 (R.I.1983).

For these reasons the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

LEDERBERG, J., did not participate.